IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEVIN LEE MOELLENBERNDT,

Plaintiff,

vs.

MOHAMMED NESSAIEF,

Defendant.

**4:22CV3178**

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion.  On January 24, 2023, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1 (the "Initial Review Order"), and concluded that the Complaint failed to meet the minimal pleading standard in Federal Rule of Civil Procedure 8 against Defendants Rodriguez Emilio and Scott Frakes because his claims were barred by the Eleventh Amendment, and he failed to state a claim that either of them personally violated his constitutional rights.  Filing No. 12 at 5.  The Court concluded Plaintiff potentially stated a claim against Defendant Mohammed Nessaief and, on its own motion, the Court gave Plaintiff 30 days "to file an amended complaint that states a claim upon which relief may be granted against Defendant Mohammed Nessaief."  *Id.* at 8.  The Court reserved the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he filed an amended complaint. *Id.*  On February 23, 2023, Plaintiff filed his Amended Complaint, Filing No. 13.  The Court now reviews Plaintiff's Amended Complaint.

## I.  BACKGROUND

In the Initial Review Order, the Court specifically instructed Plaintiff to specify in what capacity Defendant Nessaief was being sued and to identify the facility where the

alleged incident took place.  Filing No. 12 at 8.  In the Amended Complaint, Plaintiff specified that Defendant Nessaief is being sued in his personal capacity.  Filing No. 13 at 3.  Plaintiff also specified that at all times relevant to this action, he was a "prisoner incarcerated at the Reception and Treatment Center (RTC), formerly known as the Diagnostic and Evaluation Center."  *Id.*  Plaintiff's Amended Complaint, however, also omits some facts that were included in Plaintiff's original Complaint such as details about the nature and extent of Plaintiff's injuries.

## II.  DISCUSSION[1]

### A.  Claims Against Defendants Emilio and Frakes

Plaintiff's Amended Complaint asserts claims against Emilio and Frakes even though the Court dismissed them as parties and did not give leave to amend as to Defendants Emilio and Frakes.  The Court dismissed Plaintiff's claims against Defendants Emilio and Frakes because he failed to allege the capacity in which they were being sued and failed to allege that either had personally violated his right to be free from excessive force.  Plaintiff adds no new allegations except to restate that both Defendants failed to intervene or take any disciplinary action against Defendant Nessaief.   As with the allegations in Plaintiff's original Complaint, the Amended Complaint lacks sufficient factual allegations to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, for these reasons and the reasons discussed in the Initial Review Order, the claims against Defendants Emilio and Frakes are dismissed.

---

[1] The Court reviews Plaintiff's Amended Complaint under the same standard it reviewed his original Complaint and incorporates the standard described in the Initial Review Order, Filing No. 12 at 3-4.

**B.  Claims Against Defendant Nessaief**

Plaintiff's Amended Complaint complies with the Court's direction to identify the capacity in which Defendant Nessaief was being sued and the facility in which the alleged incident took place.  However, contrary to the Court's instructions, Plaintiff failed to restate all the allegations of the original Complaint or consolidate them into a single document.  Nevertheless, amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading.  NECivR 15.1(b).  Under NECivR 15.1(b), the Court will construe Plaintiff's Amended Complaint as a supplement to the original Complaint and will allow Plaintiff's claims to proceed to service of process against Defendant Nessaief as his pleadings state a plausible Eighth Amendment excessive force claim.  However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint and supplemental Amended Complaint.  This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Amended Complaint, Filing No. 13, shall be construed as a supplement to Plaintiff's original Complaint, Filing No. 1.  The Clerk of Court is directed to update the docket text for Filing No. 13 to "Amended Complaint and Supplement to Complaint Filing No. 1."

2.    This matter will proceed to service of process only on Plaintiff's claims against Defendant Nessaief.   All other claims are dismissed without prejudice.

3.     To obtain service of process on Defendant Mohammed Nessaief in his individual capacity, the Clerk of the Court is directed to complete two sets of summons and USM-285 forms.  The service address for the first set of forms is:

>     Office of the Nebraska Attorney General
>     2115 State Capitol
>     Lincoln, NE 68509.

The service address for the second set of forms is:

>     Reception and Treatment Center
>     PO Box 22800
>     Lincoln, NE 68542-2800.

4.     The Clerk of the Court shall forward the summons forms and USM-285 forms together with copies of Plaintiff's Complaint, Filing No. 1, Amended Complaint, Filing No. 13, and this Memorandum and Order to the Marshals Service for service of process.[2]

5.     The Marshals Service shall serve Defendant Nessaief in his individual capacity by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General."  Neb. Rev. Stat. §

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

25-510.02(1). *See also* Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").[3]

6.    The Marshals Service shall also serve Defendant Nessaief by certified mail or other authorized method of service at the Reception and Treatment Center address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8.    Federal Rule of Civil Procedure 4(m) requires service of a complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

9.    Plaintiff is hereby notified that failure to obtain service of process on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

---

[3] *See* Fed. R. Civ. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .").

10.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**November 13, 2023: Check for completion of service of summons.**"

11.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

Dated this 14th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge